UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. __1:25-cv-91-GNS__

TRACY BASKERVILLE                                           PLAINTIFF

V.                                    COMPLAINT

UNITED STATES OF AMERICA                                    DEFENDANT

> Serve:  United States Attorney's Office
>         Western District of Kentucky
>         717 West Broadway
>         Louisville, KY 40202
>
>         Civil Process Clerk
>         Attorney General of the United States
>         U.S. Department of Justice
>         950 Pennsylvania Avenue, NW
>         Washington, DC 20530-0001

* * * * *

COMES NOW Plaintiff, Tracy Baskerville ("Mr. Baskerville" or "Plaintiff"), by and through Counsel, and for his Complaint against Defendant, United States of America ("United States"), herby states and alleges as follows:

PARTIES

1.      Mr. Baskerville was, at all relevant times to this Complaint, a resident of Russellville, Logan County, Kentucky.

2.      Plaintiff brings his claims against the United States for personal injuries pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., ("FTCA") and 28 U.S.C. § 1346(b)(1) and 2401. Said claims arise from the negligence of the U.S. Department of Justice, Federal Bureau of Prisons ("FBP"), an agent of the United States. Accordingly, the United States is

vicariously liable for the negligent acts of agencies or departments.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1346, which grants federal district courts exclusive jurisdiction over civil actions against the United States for money damages for injury caused by the negligent or wrongful acts or omissions of federal employees while acting within the scope of their employment.

4. This Court has personal jurisdiction over the United States of America as the defendant in this Federal Tort Claims Act case.

5. This Court is the proper venue for this case pursuant to 28 USCS § 1402, as the Plaintiff resides in this judicial district, the Western District of Kentucky.

6. Plaintiff has satisfied all jurisdictional prerequisites to suit. On May 21, 2024, Plaintiff submitted an administrative claim to the Federal Bureau of Prisons as required by 28 USCS § 2675. On May 16, 2025 by letter, Plaintiff was offered settlement of $75,000 and advised as follows, "*If you are unwilling to accept this offer you should consider this letter a final denial of your claim.*" Plaintiff rejected Defendant's offer of settlement. As such, Plaintiff's claim was denied on May 16, 2025 by the Federal Bureau of Prisons which constitutes a final denial of the claim pursuant to 28 USCS § 2675. A copy of the May 16, 2025 letter is attached hereto and incorporated herein as Exhibit "A."

## STATEMENT OF FACTS

7. At all relevant times, Plaintiff Tracy Baskerville was an inmate in the custody of the Federal Bureau of Prisons.

8. While incarcerated at "USP McCreary" (located in McCreary County, Kentucky), Plaintiff developed symptoms consistent with throat cancer, including acid reflux and GERD (Gastroesophageal Reflux Disease).

9. Plaintiff reported these symptoms to prison medical staff on multiple occasions beginning in March of 2019.

10. Despite Plaintiff's complaints and obvious symptoms, prison medical staff failed to properly evaluate, diagnose, or treat Plaintiff's condition.

11. Prison medical staff failed to order appropriate diagnostic tests that would have revealed the presence of throat cancer.

12. Prison medical staff failed to refer Plaintiff to appropriate specialists for evaluation and treatment.

13. As a direct result of these failures, Plaintiff's throat cancer remained undiagnosed and untreated for four (4) years.

14. By the time Plaintiff's throat cancer was finally diagnosed on or about September 22nd, 2023, it had progressed to a terminal stage. A CT scan on October 31, 2023 confirmed the cancer had metastasized to my lymph nodes.

15. Medical experts have determined that had Plaintiff received timely and appropriate medical intervention, his cancer would not have progressed to a terminal stage.

16. As a result of the delayed diagnosis and treatment, Plaintiff has suffered severe physical pain, emotional distress, and has been given a significantly shortened life expectancy.

17. At all relevant times, the prison medical staff were employees of the Federal Bureau of Prisons, an agency of the United States, acting within the scope of their employment.

## CLAIMS FOR RELIEF

### Count I - Medical Malpractice under the Federal Tort Claims Act

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19. The prison medical staff, as employees of the Federal Bureau of Prisons, owed Plaintiff a duty to provide appropriate medical care consistent with the standard of care for similarly situated medical professionals.

20. The prison medical staff failed to provide medical care to Plaintiff that met the applicable standard of care when they failed to properly evaluate his symptoms, order appropriate diagnostic tests, make appropriate referrals to specialists, and provide timely treatment for his throat cancer.

21. Beginning in 2019, Plaintiff reported severe acid reflux, chronic throat pain, coughing, choking sensations, and dysphagia (painful swallowing), which escalated to an inability to swallow even soft foods like oatmeal or bread. Despite repeatedly requesting medical intervention, Plaintiff was dismissed with a misdiagnosis of GERD and instructed to use over-the-counter medications (e.g., ranitidine, omeprazole), which provided no relief. Defendants negligently failed to order critical diagnostic tests, including an endoscopy, CT scan, or biopsy, and refused referrals to specialists, falsely claiming they lacked authority to do so. By the time an endoscopy was performed on September 22, 2023, Plaintiff was diagnosed with Stage III adenocarcinoma of the esophagus, which had metastasized to his lymph nodes, with a 20mm tumor obstructing his esophagus. The delay in diagnosis and treatment—caused by Defendants' inaction—allowed the cancer

to progress from a potentially treatable Stage I to a terminal stage, necessitating aggressive chemotherapy, radiation, and immunotherapy.

22. The prison medical staff's breach of the standard of care directly and proximately caused Plaintiff's throat cancer to progress undiagnosed and untreated.

23. Had the prison medical staff provided appropriate medical care, Plaintiff's throat cancer would have been diagnosed and treated at an earlier, non-terminal stage.

24. Had the Federal Bureau of Prisons (BOP) medical staff at USP McCreary complied with the standard of care and pursued timely diagnostic intervention when Plaintiff's symptoms first arose, his esophageal cancer would likely have been detected at an earlier, treatable stage, significantly improving his prognosis and survival outcomes. Medical literature demonstrates that localized esophageal cancer (Stage I) has a 5-year survival rate of approximately 47-60% with prompt treatment, including surgery, chemotherapy, and/or radiation. Instead, due to Defendants' four-year delay in performing an endoscopy or imaging, Plaintiff's cancer was not diagnosed until September 2023, by which time it had metastasized to his lymph nodes (Stage III), reducing his 5-year survival rate to 15-25%. The failure to order standard diagnostic tests (e.g., endoscopy, CT scan) or refer Plaintiff to a specialist constituted reckless disregard for his worsening symptoms, including dysphagia, choking, and weight loss—all classic red flags for esophageal cancer. This negligence directly caused Plaintiff's cancer to progress to a terminal stage, depriving him of potentially curative treatment options and drastically shortening his life expectancy.

25. As a direct and proximate result of the prison medical staff's breach of the standard of care, Plaintiff has suffered severe physical pain, emotional distress, and a significantly shortened life expectancy.

26. Plaintiff has incurred and will continue to incur substantial medical expenses for the treatment of his terminal throat cancer.

27. Plaintiff has experienced and will continue to experience a significant loss of enjoyment of life due to his terminal condition.

28. Plaintiff endured twenty-eight (28) excruciating rounds of radiation, twenty-four (24) rounds of chemotherapy, and immunotherapy - treatments that caused severe allergic reactions, unrelenting nausea, extreme fatigue, and significant weight loss that left him physically debilitated. The tumor's obstruction of his esophagus rendered him unable to swallow normally, causing chronic pain, malnutrition, and repeated choking episodes. His current hospice placement confirms the cancer's progression beyond curative treatment, with medical providers now focused solely on palliative pain management as he faces imminent death.

29. Plaintiff has suffered extreme mental anguish from both the knowledge that his life has been cut short by Defendants' neglect and the trauma of enduring years of untreated symptoms while prison medical staff dismissed his pleas for help. He experiences profound distress knowing he will not live to see his minor children grow up, compounded by grief from being separated from his family during critical periods of his decline due to incarceration. The preventable progression of his disease has caused severe depression, anxiety, and emotional suffering as he confronts his mortality years earlier than necessary.

30. The years of unnecessary suffering and current terminal prognosis have robbed Plaintiff of basic life pleasures and daily functioning. Once an active laborer and father, he now struggles with debilitating pain, complete dependence on others for basic needs, and the humiliation of losing bodily autonomy. The physical disfigurement from treatments and

wasting of his body have caused profound loss of dignity. His remaining days are consumed by medical interventions rather than meaningful time with loved ones, all due to Defendants' preventable failures in medical care.

31. Plaintiff has incurred substantial medical expenses for cancer treatment, pain management, and hospice care. The terminal nature of his condition has permanently deprived him of any future earning capacity and ability to support his dependents. His children have been and will continue to be deprived of parental support, guidance, and financial contributions throughout their formative years. Additionally, Plaintiff has suffered ancillary financial damages including costs for travel to medical appointments, specialized nutrition needs during treatment, and other out-of-pocket expenses directly attributable to Defendants' failure to timely diagnose and treat his cancer.

## Count II - Negligent Medical Care and Treatment

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. The prison medical staff, as employees of the Federal Bureau of Prisons, had a duty to provide reasonable medical care to Plaintiff.

34. The prison medical staff failed to provide reasonable medical care to Plaintiff when they failed to properly evaluate his symptoms, order appropriate diagnostic tests, make appropriate referrals to specialists, and provide timely treatment for his throat cancer.

35. The care provided to Plaintiff was unreasonable as defendants ignored persistent, hallmark symptoms of esophageal cancer for over four years, dismissing them as GERD without proper evaluation. Defendant failed to order basic diagnostic tests, including an endoscopy, CT scan, or biopsy, despite Plaintiff's worsening condition and high-risk

symptoms—tests that are standard for suspected esophageal cancer and would have led to an earlier diagnosis. It was further unreasonable to deny Plaintiff specialist referrals, falsely claiming they lacked authority, while Plaintiff's condition deteriorated to an untreatable stage, instead relying on ineffective OTC medications.

36. The prison medical staff's failure to provide reasonable medical care directly and proximately caused Plaintiff's throat cancer to progress to a terminal stage.

37. Had the prison medical staff provided reasonable medical care, Plaintiff's throat cancer would have been diagnosed and treated at an earlier, non-terminal stage.

38. As a direct and proximate result of the prison medical staff's failure to provide reasonable medical care, Plaintiff has suffered severe physical pain, emotional distress, and a significantly shortened life expectancy.

39. Plaintiff has incurred and will continue to incur substantial medical expenses for the treatment of his terminal throat cancer.

40. Plaintiff has experienced and will continue to experience a significant loss of enjoyment of life due to his terminal condition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and award the following relief:

A. Compensatory damages against the United States of America in an amount to be determined at trial for past and future medical expenses.

B. Compensatory damages against the United States of America in an amount to be determined at trial for physical pain and suffering.

C.  Compensatory damages against the United States of America in an amount to be determined at trial for emotional distress.

D.  Compensatory damages against the United States of America in an amount to be determined at trial for shortened life expectancy.

E.  Compensatory damages against the United States of America in an amount to be determined at trial for loss of enjoyment of life.

F.  Costs of this action.

G.  Such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Travis Lock*
TRAVIS B. LOCK
Attorney at Law
P.O. Box 51472
Bowling Green, KY 42102
(270) 791-4285
*tlock@tlocklaw.com*